a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| PATHMAKUMAR MITHUSHAN #A203676318, Plaintiff | CIVIL DOCKET NO. 1:20-CV-00602 SEC P |
| VERSUS | JUDGE DRELL |
| WILLIAM P BARR ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 5) filed by pro se Petitioner Pathmakumar Mithushan ("Mithushan"). Mithushan is a detainee in the custody of U.S. Immigration and Customs Enforcement ("ICE"), presently detained at LaSalle Correctional Center in Jena, Louisiana.

Because Mithushan has not shown that he is entitled to release, his § 2241 Petition (ECF No. 5) should be DENIED and DISMISSED.

I. **Background**

Mithushan is a native and citizen of Sri Lanka. ECF. No. 1 at 5. He entered the United States seeking asylum on September 16, 2019. ECF No. 1 at 5. Mithushan has remained in ICE custody since then. Mithushan states that his application for asylum and withholding of removal was denied on October 24, 2019, and he was ordered removed. ECF No. 1 at 5.

1

## II. Law and Analysis

To the extent Mithushan challenges his order of removal or the denial of asylum, the Court lacks jurisdiction under the REAL ID Act. 8 U.S.C. § 1252(a)(5); *Rosales v. Bureau of Immigration & Customs Enf't*, 426 F.3d 733, 736 (5th Cir. 2005).

Mithushan challenges his continued detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* at 701. After the six-months, a detainee may seek release by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the six-month period expires.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit reiterated *Zadvydas* creates no specific limits on detention. In fact, a detainee may be detained until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support the claim. *Id.*

Mithushan has not provided good reason why his removal is not likely to occur in the reasonably foreseeable future. According to the Government, Sri Lanka issued a travel document for Mithushan on March 10, 2020 ECF No. 14 at 2. Shortly

thereafter, air travel was suspended due to the COVID-19 pandemic. However, air travel to Sri Lanka has resumed, and the Court is aware of another case before the Court by a Sri Lankan detainee who was recently removed to Sri Lanka. *See Ketheeswaran v. Barr, et al.*, 1:20-CV-00744, ECF No. 20-2 at 2. Mithushan has not alleged any reason why Sri Lanka will not reissue a travel document now that air travel has resumed. Even though Mithushan has been detained over six months, he offers no reason why there is no significant likelihood of removal in the reasonably foreseeable future. Therefore, his *Zadvydas* claim fails.

### III. Conclusion

Because Mithushan is not entitled to release, IT IS RECOMMENDED that his Petition (ECF No. 5) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

3

SIGNED on Wednesday, March 24, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE